

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**          September 17, 1962

Mr. S. Perry Brown                    Opinion No. WW-1440
Chairman & Executive Director
Texas Employment Commission      Re: Whether persons who re-
Austin 1, Texas                         ceive retroactive payments
                                        of Old Age and Survivor
                                        Insurance are disqualified
                                        under Section 5(e)(3) of
                                        the Texas Unemployment
Dear Mr. Brown:                         Compensation Act.

   You have requested the opinion of this office con-
cerning whether individuals who receive retroactive payments
of Old Age and Survivors Insurance (hereinafter called "OASI")
under Title II of the Social Security Act for the same periods
for which they have previously received unemployment insurance
are subject to a retroactive disqualification under Section
5(e)(3) of the Texas Unemployment Compensation Act (Article
5221b-3(e)(3), V.C.S.), which provides as follows:

  "Section 5. An individual shall be disqualified
     for benefits:

   (e) For any benefit period with respect to
     which he <u>is</u> <u>receiving</u> <u>or</u> <u>has</u> <u>received</u>
     remuneration in the form of:

     (3) Old Age Benefits under Title II of
       the Social Security Act as amended,
       or similar payments under any Act of
       Congress, or a State Legislature; . . ."

     (Emphasis added.)

   The above provision has been in the Texas Unemployment
Compensation Act since it was first enacted. Acts 1936, 44th
Leg., 3rd C.S. p. 1998. It is therefore no aid to this inquiry
to look to the legislative history of the enactment.

   Since the disqualification is operative if an indi-
vidual "is receiving or has received" OASI for the period for
which he claims unemployment benefits, we have examined the
Social Security Act and regulations promulgated thereunder to
determine the nature of such benefits and the manner in which
they are paid.

Title II of the Social Security Act--Federal Old-Age and Survivors Insurance Benefits, as amended in 1961, at Section 202(a) (42 U.S.C. 402(a)) provides that every individual who (1) is a fully insured individual (as defined in Section 214(a)), (2) has attained age 62, and (3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained the age of 65, shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies. Section 202(j)(1) provides, in effect, that an individual meeting the foregoing requirements may, upon application therefor, receive a lump sum payment retroactively, of any benefits to which he was entitled for the preceding twelve months, provided such benefits were not previously paid to him.

Retroactive payments of OASI are frequently made under the circumstances mentioned in your opinion request, where the individual does not file his application for OASI until several months after he has reached retirement age, but OASI may be paid retroactively under other circumstances as well. It may occur upon a redetermination of the individual's application for OASI, which he may obtain upon a showing of "good cause" at any time within four years after the date of the initial determination of the claim. See Social Security Administration Regulation No. 4, Sections 404.957 - 404,963.

Retroactive payment may also be made to an OASI beneficiary whose checks were temporarily suspended due to a report of excessive earnings. See, Social Security Act, Section 203 (42 U.S.C. 403); Regulation 404.425 of the Social Security Administration and Social Security Handbook OASI-23, 1961. Briefly stated, OASI benefits may be totally denied or reduced for any month or months pursuant to the "retirement" test of the statute, which is applicable only to working beneficiaries under age 72 who earn more than $1,200 during the year. Under the regulations referred to above, the Social Security Administration may suspend benefit payments when earnings are reported to it which would be sufficient to cause a loss of OASI benefits for some months of the year. Such benefits may later be claimed, retroactively, when it appears that the individual's earnings were not, in fact, sufficient to cause a loss of benefits, or that he was not paid the full amount of OASI to which he was entitled.

Since a number of other states have statutory provisions similar to Section 5(e) of the Texas Unemployment

Compensation Act, an examination of the experience and practice of those states in this regard may be useful. Five other states (Colorado, Louisiana, Missouri, Nebraska, and Oklahoma) have unemployment compensation statutes which, like the Texas statute, disqualify an individual who "is receiving or has received" OASI for the same period for which he claims unemployment benefits.

There are no reported cases, either in this state or in other states, in which the statutes on this specific subject have been construed. However, in two states the state Attorney General has published formal opinions on the subject. The Attorney General of the State of Oklahoma on September 15, 1954, construing Section 215(e), Oklahoma Statutes, 1951, Vol. 1, Title 40, Chap. 6 (which in its basic language is identical to Section 5(e) of the Texas statute) ruled that the Oklahoma Employment Security Commission was without authority to reconsider its original determination awarding benefits when a claimant subsequently received OASI, paid retroactively, for some of the same weeks for which he had already collected unemployment compensation.

In Minnesota, in an opinion dated March 19, 1962, the state Attorney General ruled that under the particular statute in effect in that state (quoted below) unemployment compensation payments should be held in suspense until OASI claims previously filed for the same period are determined; however, that opinion did not attempt to deal with the situation in which unemployment benefits are both claimed and received before any claim is filed for OASI. Portions of an instruction manual of the Minnesota Department of Employment Security quoted in the opinion indicate that the agency deducts OASI from unemployment benefits, or withholds benefits completely, only when a claim for OASI has been filed. It should be noted that the Minnesota statute specifically provides for a disqualification if the claimant has filed a claim for OASI at the time he applies for unemployment benefits, but the agency has not attempted to go beyond the express words of the statute to extend the disqualification to all retroactive payments of OASI.

In three states, the unemployment compensation statutes were apparently drafted with the specific intent of disqualifying recipients of OASI back-pay. Thus, Section 96.5 of the Iowa Code provides that an individual shall be disqualified from receipt of unemployment compensation if he is receiving, has received, "or is entitled to receive" OASI for the same period; Section 108.04 of the Wisconsin Unemployment Reserves and Compensation Act, Chap. 108, Title XIII, Wisconsin Statutes, 1953, provides for a denial of unemployment benefits if the individual ". . . is receiving or has claimed and will receive . . ."

OASI; and Subsection 3(4) of Section 268.08, Minnesota Statutes, 1957, renders one ineligible for unemployment benefits for any week with respect to which he ". . . is receiving, has received, or has filed a claim for . . ." OASI. (Emphasis added in each case.)

The State of West Virginia's unemployment compensation statute at one time disqualified OASI recipients by means of a provision identical to Section 5(e) of the Texas Unemployment Compensation Act. See Article VI, Sec. 4, Chap. 21A, Code of West Virginia. However, that portion of the statute disqualifying OASI beneficiaries was repealed effective July 1, 1961. We are advised by the Director of the West Virginia Department of Employment Security that the very question which is the subject of this opinion was a matter of considerable controversy and differing views in that state before the repeal, and that when that agency attempted to make retroactive disqualifications in cases where retroactive awards of OASI covered the same periods for which unemployment benefits had already been paid, the result was an administrative "headache," the establishment of overpayments which proved uncollectible in almost every instance, and undue hardship to many claimants who had unwittingly drawn both benefits.

All of the states having statutes on this subject were recently queried by this office as to the position taken by their administrative agencies on the effect of retroactive OASI payments on previous payments of unemployment compensation for the same periods. Replies were received from every state to which an inquiry was directed, stating the policy or legal opinion followed. It is significant that all of the states concerned are unanimous in their disregard of retroactive payments of OASI occurring subsequent to payment of unemployment compensation for the same period, except for the State of Colorado which makes a retroactive disqualification only if the individual has an active unemployment compensation claim series from which the resulting overpayment can be deducted. It appears that Colorado's procedure represents only the administrative solution of the problem by its Department of Employment, since they did not forward a legal opinion in support of their stand in response to our request.

The Commissioner dissenting to the decision entered in Commission Appeal No. 7355-CA-60 of the Texas Employment Commission, forwarded with your opinion request, urges that a retroactive redetermination of the individual's entitlement to unemployment compensation be made whenever it appears that he has drawn OASI for the same benefit periods for which he was previously paid unemployment compensation. We have made a careful search for

statutory authority for such a redetermination, but have found none. Section 6 of the Texas Unemployment Compensation Act (Article 522lb-4, V.C.S.) governs the filing and determination of claims for unemployment compensation and would be the logical source of statutory authority for the redetermination the Commissioner suggests, but it is silent in that regard.

The disqualification of OASI beneficiaries contained in Section 5(e)(3) of the Texas Unemployment Compensation Act is in the nature of a condition precedent. One does not qualify to receive unemployment benefits for a given week, i.e., he has failed to meet a condition of eligibility, if he "is receiving or has received" OASI for that week. When a claim is filed for unemployment benefits for a given week, and the Commission determines whether at that time the claimant is receiving or has received OASI for that week, it can inquire no further into that aspect of the claim. There is no subsequent condition to be met with respect to OASI. It is of no consequence whether the claimant has a potential entitlement, or a legal right, to OASI for the same week if he is not "receiving" OASI, and has not received it for that week.

There is no problem in determining whether one "has received" OASI for the same period for which he claims unemployment benefits. If OASI has been paid for that period, the records are available to prove the fact. The only real problem facing us is that of defining the fact situations under which one "is receiving" such payments.

The word "receiving" is the present participle of the verb "receive," which Webster's International Dictionary defines as meaning "to take possession or delivery of." Black's Law Dictionary defines "receive" as "to take possession or control; accept custody of." Thus, in order to be "receiving" something one must be accepting delivery of it, taking it into his possession, or subjecting it to his control.

The "receiving" of a thing is the end result of its delivery, transmission, or communication. Spragg v. Prudential Life Insurance Company, 198 N.E. 585, 50 Ohio App. 451. Without such a transfer and receipt, there is no "receiving." Hallenbeck v. Getz, 28 A. 519, 520, 63 Conn. 382.

The word "receiving," has a plain and accepted meaning in common parlance. For example, it is commonly said that one is "receiving" medical treatment, meaning, not that a treatment is underway at that very moment, but rather that the process of treatment has already begun and periodic treatments are being received. It is common today for people to be "receiving" support payments from a variety of sources, public and private; we do

not commonly think of them as "receiving" such payments until they have begun to receive them.

Both by definition and usage, "receiving" clearly refers to the current receipt of the thing in question, the continuing process of delivery which follows the initial payment or transfer. We know of no case in which a court has held that one was "receiving" something before the process of delivery, transfer or payment had begun and at least a portion of the thing being "received" was delivered into the control or actual possession of the recipient.

Once payment of OASI benefits has begun, the beneficiary "is receiving" them continuously thereafter, and thus is subject to disqualification under Section 5(e) of the Texas Unemployment Compensation Act so long as the payments continue. It is not necessary for one to have actually received his OASI check for a given month during which he files for unemployment benefits in order to be subject to the disqualification. It may be assumed the legislature was aware that unemployment benefits are paid weekly while OASI is paid on a monthly basis. The disqualification would have had no practical effect if it had been made effective for only those weeks for which OASI had already been received. The words "is receiving" extended the disqualification to cover the continuing process of payment and receipt.

If the individual's OASI payments cease, for any reason, he is no longer "receiving" them and is not subject to disqualification for unemployment benefits. As the statute is written, it is immaterial whether he has a legal right to such OASI payments or whether he subsequently receives them by means of a retroactive payment or award.

We have seriously considered the view urged in the dissent to Commission decision No. 7355-CA-60 that the legislature intended to prohibit, absolutely and in every case, the receipt of OASI and unemployment benefits for the same periods. However, we are constrained to follow the plain and ordinary meaning of the words used in the statute. The statute goes no further than to say, in effect, that no individual shall receive at the same time unemployment benefits and OASI. It simply does not contemplate the situation where OASI is paid retroactively, after receipt of unemployment benefits. Since the statute does not provide for a disqualification in the event of retroactive receipt of OASI, none can be supplied in the guise of an "interpretation" of the statute. We cannot invade the province of the legislature.

In seeking to ascertain the intent of the legislature in this regard, the nature and purpose of unemployment compensation

should be noted. Unemployment benefits are temporary in nature, being limited to twenty-six weeks under present law. The maximum weekly benefit payment is $37. Its obvious purpose and design is to provide for the immediate needs of those who have formerly worked and find themselves, temporarily, without a job and unable to find suitable employment. One who is without work and without pay usually has a great immediate need for money. The possibility that he may receive, some time in the future, a check from the federal government for OASI benefits allocable to the same weeks for which he claims unemployment benefits does not help him to pay the rent or buy groceries. The legislature could reasonably have intended to provide for such immediate needs without regard to whether, at some future time, the individual received OASI allocable to the same period.

Experience, both in Texas and West Virginia, has shown that a multitude of injustices and administrative "headaches" occur when the state agency attempts, through a retroactive disqualification to recover unemployment compensation previously paid. Certainly, the legislature did not intend to create problems of this nature.

One further legal point remains to be disposed of. The dissent in Commission decision No. 7355-CA-60 cites, and relies upon, several cases in which individuals were required to repay unemployment compensation previously received when they subsequently were paid wages allocable to the period for which they were unemployed, e.g., State v. Rucker, 126 A. 2d 846 (Mo. App. 1956); Texas Employment Commission v. International Union of Electrical, Radio and Machine Workers, 352 S.W.2d 252, ____ Tex. ____ (1961). However, OASI benefits are not "wages," and their retroactive payment creates no problem of ascertaining whether the beneficiaries are unemployed. The cases cited are concerned solely with definition of the term "unemployed" and have no relevance to our present inquiry.

Although we are concerned with the legal, rather than moral, aspects of receipt of both OASI and unemployment benefits for the same periods, since the dissent in Commission decision No. 7355-CA-60 urges that it is morally wrong we will point out that thirty-nine states, plus Puerto Rico, allow receipt of both benefits with no disqualification whatsoever resulting, while no state or territory follows the policy suggested by that dissent. See pamphlet, Comparison of State Unemployment Compensation Laws, BES No. U-141 published by the U. S. Department of Labor, Bureau of Employment Security. The explanation of this may lie in the fact that unemployment compensation and OASI have little relation to one another and serve different purposes. The differences in administration and financing of the two programs are too well known to require reiteration here.

Congress did not see fit to make receipt of OASI dependent on non-receipt of unemployment benefits. Under the circumstances we cannot agree with the conclusion that receipt of both benefits for the same period is, in every case, morally wrong or so unconscionable that the legislature could not reasonably have intended it.

During the last regular session of the Texas Legislature, bills were introduced in both houses (Senate Bill No. 13 and HB No. 150) which would have extended the OASI disqualification to cover any claimant of unemployment benefits who "is eligible" to receive OASI. The fact that neither bill passed the legislature is at lease some indication that it is not the will of the legislature to disqualify claimants of unemployment benefits who are eligible for, though not "receiving," OASI.

## S U M M A R Y

One who receives a retroactive payment of Old Age and Survivors Insurance under Title II of the Social Security Act allocable to a period for which he has previously received unemployment compensation is not subject to disqualification under Section 5(e)(3) of the Texas Unemployment Compensation Act and is not required to refund the unemployment benefits previously received.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By Ernest Fortenberry
Ernest Fortenberry
Assistant

EF/fb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore